UNITED STATES *v.* CHADWICK-MILLER IMPORTERS, INC., ET AL
(No. 5226) *

United States Court of Customs and Patent Appeals, May 11, 1967**

*J. William Doolittle*, Acting Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section, *Glenn E. Harris* for the United States.

*Barnes, Richardson & Colburn* (*Hadley S. King, Norman C. Schwartz*, of counsel) for appellees.

[Oral argument February 6, 1967 by Mr. Harris and Mr. King]

Before WORLEY, Chief Judge, RICH, SMITH, ALMOND, Associate Judges, and WILLIAM H. KIRKPATRICK***

KIRKPATRICK, Judge, delivered the opinion of the court:

The Government appeals from the decision of the United States Customs Court, Third Division, Appellate Term, 55 Cust. Ct. 745, A.R.D. 193, which affirmed the judgment of the trial judge, 53 Cust. Ct. 444, R.D. 10833. The case involves fifty-two reappraisement appeals, consolidated for trial, pertaining to a variety of merchandise all exported from Japan. The issue is one of valuation.

Both parties agree that the correct statutory basis of valuation is the export value as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, which reads in pertinent part:

(b) EXPORT VALUE—For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States * * *

---

*C.A.D. 914.
**Petition for rehearing denied October 5, 1967.
***Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

The importers' invoices show the so-called "ex-factory" price, but the appraiser added the inland freight, shipping, and like charges to make the total correspond to an f.o.b. price, port of shipment. The correctness of that action is the matter in dispute here. Both the trial judge and the Appellate Term found for the importers and held that the disputed charges are nondutiable.

The importers submitted affidavits from the managers of two Japanese firms which acted as purchasing agents for them. These affidavits may be summarized as stating that their respective firms placed orders with various manufacturers on behalf of a number of importers; that the invoices prepared by them stated separately, in each instance, the actual ex-factory price and the transportation, shipping, and other charges; that the manufacturers were paid nothing in addition to the ex-factory price; and that the manufacturers with whom they deal are, and have always been, willing to sell ex-factory since they prefer to have the buyer's agent handle the paper work involved in arranging for transportation from the factory and loading of the goods for export.

The trial judge found:

> On or about the dates of exportation of the involved merchandise, such or similar merchandise was freely sold or offered for sale to all purchasers in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, at the invoice unit ex-factory prices, net, packed.

Applying the so-called separability rule, he concluded that the export value was the invoiced ex-factory prices, exclusive of the added charges. The Appellate Term affirmed the decision of the trial court and incorporated its findings of fact and conclusions of law, by reference, ■ The separability rule as stated by Judge Rao in *Haddad & Sons, Inc.* v. *United States*, 54 Cust. Ct. 600, 602–3, is as follows:

> * * * where the appraisement is stated in terms of a first cost or ex-factory price, plus the disputed charges, the appraisement is considered to be separable, and the party challenging the appraiser's return may rely upon the presumption of correctness as to all elements of the appraisement which he does not seek to dispute. Thus, such an appraisement may be attacked simply by negativing the charges without affirmatively establishing that the ex-factory price is a price which accords with every element entering into the statutory definition of export value. * * *

The Government challenges the judgment below, arguing that the court should not have applied the separability rule and so relieved the importers from proving all the elements of export value for the unchallenged items and asserts that, absent the presumption of correctness which the rule would have afforded those items, the appellees' proof is deficient in that it did not establish that all purchasers could have purchased from the factory at the same price that the importers

paid. The Government admits that if the appraiser had found the merchandise to be freely sold or freely offered to all purchasers at the ex-factory price set out on the invoice, he would have been by law precluded from adding any inland charges.

In our view the court below was right in applying the separability doctrine and, hence, the asserted deficiency in the importers' proof was supplied by the presumption of correctness attaching to the unchallenged items.

The statute requires an appraisement be made at the price at which such merchandise is freely sold or offered for sale in the principal markets of the country of exportation. In the present case it is apparent that the appraiser concluded that the principal market was the port of shipment. He must necessarily have found that the merchandise was freely offered for sale at the appraised prices at that port. The appellees do not argue that the appraised f.o.b. prices are inaccurate but contend that they are not the proper export values since the evidence clearly shows that the merchandise was available to all purchasers on an ex-factory basis. *Kurt Orban Co., Inc.* v. *United States*, 52 CCPA 20, C.A.D. 851. Although there is no evidence to show that other purchasers could have bought the merchandise at the same ex-factory prices paid by them, there need not have been such evidence, in view of the separability rule. *United States* v. *Fritzsche Bros., Inc.*, 35 CCPA 60, C.A.D. 371.

The facts in this case are closely similar to those of the *Kurt Orban* case. The issue there, as here, was the correctness of the addition to the ex-factory prices of inland freight and loading charges in determining export value. The importer in that case contended that the factories of the sellers were the principal markets and, therefore, that the statutory price was the ex-factory price. The Appellate Term concluded that the principal market was Paris, France, where the sales agent was located and thus the added charges were properly part of the statutory export value under section 402(b) of the 1930 Act, as amended. On appeal, this court found no substantial support for the Appellate Term's conclusion that the principal market was Paris, and reversed. The conclusion in the *Kurt Orban* case was reached after considering an affidavit by the managing director of the sales agent for the importer which showed that the manufacturer sold the goods on an ex-factory basis and the sales agent arranged and paid for the transportation of the merchandise from the factory to the port of embarkation.

We hold that the separability rule applies and that the importers may challenge the propriety of adding inland freight and loading charges and at the same time rely on the presumption of correctness attaching to the ex-factory prices.

The judgment of the Appellate Term is affirmed.

WORLEY, C. J., did not participate.